UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PROTIVITI INC, § § *Plaintiff,* § § v. § § CALEB DAVIS, KYLE SHOCKLEY, § and SOLASEC LLC, § § *Defendants.* § | Civil Action No. 3:24-CV-1687-X |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Protiviti, Inc.'s amended motion for a temporary restraining order (Doc. 9) and emergency request for discovery to support its preliminary injunction motion (Doc. 6). Prior to Protiviti filing the instant action, Defendants Caleb Davis, Kyle Shockley, and SolaSec LLC filed a declaratory judgment action in Texas state court.[1] Their state court complaint requests declarations that resolve the enforceability and scope of the non-compete agreements also at issue in this dispute.[2]

Under the abstention doctrine, federal courts may postpone resolution of decisions properly before the court if they might turn on issues of state law already pending before the state court.[3] This "is likely to lessen friction in a federal-state relationship, interference with important state functions, and tentative decisions on

---

[1] Doc. 17 at 24–27.

[2] *See id.* at 26.

[3] *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 298 (5th Cir. 1974).

1

questions of state law."4  "[A]bstention does not involve the abdication of federal jurisdiction, but only the postponement of its exercise."5  The *Colorado River* abstention doctrine "applies when suits are parallel, having the same parties and the same issues."6  Under this doctrine, the district court should abstain only in exceptional circumstances.7  And it should consider the following factors in determining whether exceptional circumstances are present:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.8

The Court will consider each factor in turn.

First, neither the state nor federal court have assumed jurisdiction over any res in this case; this is an *in personam* action, there is no res.  And this first factor in this analysis can never be neutral.9  Thus, it supports exercising federal jurisdiction.  The second factor also supports exercising federal jurisdiction.  Both the state court and federal court involved are located in Dallas, Texas.  "When courts are in the same geographic location, the inconvenience factor weighs against abstention."10

---

4 *Id.*

5 *Id.*

6 *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

7 *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813 (1976).

8 *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

9 *See Stewart*, 438 F.3d at 492.

10 *Id.*

The third and fourth factors weigh in favor of abstention. The third factor seeks to prevent piecemeal litigation and inconsistent rulings.[11] Here, the claims asserted in the action before this Court are related to the declaratory judgment action already pending in state court. The state court action requests declarations that resolve the enforceability and scope of the non-compete agreements involved in this dispute. The federal court case involves breach-of-contract and tortious interference claims related to those same non-compete agreements. Thus, if this action continued unabated, the risk of inconsistent rulings could be very real. In addition, the fourth *Colorado River* factor considers the sequence in which jurisdiction was obtained. The state court action was filed on July 2, 2024, at 9:15 a.m.[12] while the case in federal court was filed later that same day.[13] Neither case has progressed much beyond the complaint stage.[14] Therefore, this factor weighs very slightly in favor of abstention.

The fifth and sixth factors can only be neutral or weigh against abstention.[15] Here, they are both neutral. The fifth factor, whether and to what extent federal law controls the merits decision, is neutral because the claims asserted in the federal action arise under both state and federal law. Likewise, the sixth factor is neutral because there is no indication that the Texas state courts would inadequately protect Protiviti's interests.

---

[11] *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 800 (5th Cir. 2014).

[12] Doc. 17 at 24.

[13] Doc. 1.

[14] *See African Methodist Episcopal Church*, 756 F.3d at 800.

[15] *Id.* at 801.

3

To summarize, two of the sixth *Colorado River* factors are neutral, two weigh in favor of abstention, and two weigh against abstention. But the third factor, avoiding piecemeal litigation and inconsistent rulings is the most important factor[16] given that the *Colorado River* abstention doctrine is based on wise judicial administration[17] and principles of federalism, comity, and conservation of judicial resources.[18]

Here, the action presently before this Court involves claims related to the declaratory judgment action already pending in state court. Resolving these questions could very likely result in inconsistent rulings. Thus, it is "consistent with the requirements of federalism" to abstain from deciding these questions until the state court action is resolved.[19]

Accordingly, the Court **STAYS** this action while the related action is pending in state court. Once the parties have a judgment from the state court, they shall file a motion to reopen this case. The Court therefore **FINDS AS MOOT** the motion for a temporary restraining order (Doc. 9) and motion for expedited discovery (Doc. 6). Protiviti can refile its motions in the pending state court action given that they directly relate to the issues presented there.

---

[16] *See Stonewater Adolescent Recovery Ctr. v. Lafayette Cnty., Mississippi*, No. 3:19-CV-00231-GHD-RP, 2020 WL 1817302, at *4 (N.D. Miss. Apr. 9, 2020) (citing *Colorado River Water Conservation District,* 424 U.S. at 819).

[17] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994).

[18] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

[19] *Gray Line Motor Tours, Inc.*, 498 F.2d at 299.

**IT IS SO ORDERED** this 15th day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

5