UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PROTIVITI INC, § § *Plaintiff*, § § v. § § CALEB DAVIS, KYLE SHOCKLEY, § and SOLASEC LLC, § § *Defendants*. § | Civil Action No. 3:24-CV-1687-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File complaint under seal. The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. Accordingly, the Motion is GRANTED.

### I.  Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

1

That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

## II. Sealed Complaint

Protiviti seeks to protect inter alia the identities of its customers and information related to their business. In the original complaint, Protiviti anonymized the names of any customers and customer projects referenced in the Original

---

[4] *Id.* at 521.
[5] *Id.* (cleaned up).
[6] *Binh Hoa Le*, 990 F.3d at 419.
[7] *June Med. Servs.*, 22 F.4th at 520.

Complaint as, e.g., "Client X," "Product H," etc. The information contained therein is Protiviti's information, so the Court looks to Protiviti's justifications for keeping the information under seal.

First, Protiviti was precise about the altered information. Second permitting Protiviti to make such filing under seal balances the public's right of access to judicial proceedings, and Defendants' interest in knowing the specific allegations made against them, with the interests favoring non-disclosure, i.e. Protiviti's need to protect its confidential business information and Protiviti's contractual obligations to its clients to do so. The risks of disclosing some of the very details Protiviti seeks to protect by this lawsuit outweigh the public's common law interest in Protiviti's confidential client lists and client information

Third, there is no viable alternative to sealing the non-anonymized version of the complaint. The anonymized version is a less restrictive and adequate alternative. Therefore, the Court **GRANTS** Protiviti's motion to seal. (Doc. 10).

### III.   Conclusion

The Court **GRANTS** the motions to seal. The Court's instruction is the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[8]

**IT IS SO ORDERED** this 17th day of December, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *June Med. Servs.*, 22 F.4th at 521.